IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LORRIE LOGSDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-08-1009-C |
| ) | |
| TURBINES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed a complaint on September 23, 2008, pursuant to Title VII, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 et seq. Plaintiff alleges claims of wrongful termination based upon age, sex, and retaliation, along with claims that Defendant failed to promote her, demoted her,[1] and unreasonably disciplined her, all in violation of Title VII and the ADEA. Defendant filed the present Motion for Summary Judgment.

**BACKGROUND**

Plaintiff was hired by Defendant on June 29, 1999, to work in the assembly, testing, and shipping department of its facility located in Altus, Oklahoma, and she remained in this position until her termination on October 10, 2007. In April 2007, Karen Downing,[2]

---

[1] In her response, Plaintiff expressly abandons her claim of demotion (Count V) due to lack of evidence. (See Dkt. No. 33 at 12.) Accordingly, it is unnecessary for the Court to examine the merits of this claim and it will be deemed dismissed.

[2] It appears that, during Plaintiff's employment, Ms. Downing went by the name Ms. Harden. To avoid confusion, the Court will refer to her as Ms. Downing, her current name.

Plaintiff's supervisor, conducted a performance evaluation. According to Plaintiff, it was a verbal evaluation only and she was never given a written copy of what was discussed.[3] Plaintiff contends that Ms. Downing told her that, in all but one area, she received a score of five, which is the highest possible score. In the category "Attitude towards fellow employees," Plaintiff contends that she was given a four. Further, Plaintiff states that Ms. Downing told her that there was a big improvement in her attitude since the last time the topic was discussed. According to Plaintiff, this comment was directed towards a prior one-time occurrence when she had problems with a co-worker, Denise Gilliam, and was reprimanded for her attitude.

Subsequently, on July 10, 2007, Plaintiff sought a transfer to the position of machinist. Two days later, Ms. Downing called Plaintiff into the office to again discuss problems between Plaintiff and Ms. Gilliam. Plaintiff contends that this meeting was in retaliation for her request to be moved to the position of machinist. Then, on August 6, 2007, the shop foreman, Sean Hans, informed Plaintiff that she would not be transferred to the vacant machinist position. Instead, Michael Otten, a male employee who worked for Defendant for less than one year, received the position. In total, Plaintiff contends that at least five different

---

[3] Plaintiff attaches a written copy of this evaluation that was apparently discovered at a later date. It shows lower scores than those she recalls being told at the time, and in two categories ("Attitude toward work" and "Attitude toward fellow employees"), higher scores of five and four are marked out and scores of three are then circled. Plaintiff contends that this was done at a later date to manufacture further evidence supporting Defendant's proffered legitimate reasons for her discipline and eventual termination. However, the Court finds such arguments mere speculation. Plaintiff cannot demonstrate when such alterations were made, and therefore this cannot be used to support her retaliation claim.

men were promoted to machinist positions while she was not. Later that same day, on August 6, Plaintiff approached Ms. Downing to report what she perceived as sexual harassment in the workplace. According to Plaintiff, a male employee had recently made a sexist comment to her. Additionally, Plaintiff reported that this same male employee had engaged in flirtatious behavior and inappropriate physical contact in the workplace with Ms. Gilliam. During this same meeting, Plaintiff informed Ms. Downing that she believed she had been discriminated against when she was not given the machinist position.

Subsequently, on August 14, 2007, Ms. Downing filled out an Employee Warning Notice Form regarding Plaintiff's conduct. (See Pl.'s Resp., Dkt. No. 33, Ex. 13.) This form recites different incidents occurring between April 10, 2007, and August 6, 2007, that purportedly demonstrate that Plaintiff had a bad attitude toward other employees. It further indicates that Ms. Downing was hurt by Plaintiff's belief that she suffered discrimination. At the bottom, the form indicates that Plaintiff has been warned that her behavior is unacceptable and, should it continue, Plaintiff may be further disciplined, including possibly terminated.

In response, Plaintiff submitted a written rebuttal to Ms. Downing on August 16, 2007. (See Pl.'s Resp., Dkt. No. 33, Ex. 14.) The rebuttal indicates that Plaintiff disagrees with the assessment set forth in the Employee Warning and provides her version of events. Subsequently, on August 23, 2007, Ms. Downing gathered all the employees at the facility and read a statement indicating that all personnel issues should be directed to her and that

failure to do so may result in termination. Plaintiff was subsequently terminated on October 10, 2007.

Defendant disputes Plaintiff's version of events, contending that there were numerous problems with her attitude toward fellow employees. According to Defendant, Plaintiff engaged in inappropriate behavior throughout her employment, including overstepping her authority and hostility toward her co-workers. Defendant claims Plaintiff was warned numerous times about her behavior problems and, when the behavior continued, she was terminated.

### STANDARD OF REVIEW

A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the litigation under applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine only if it is such that a reasonable jury could find in favor of the nonmoving party. Id. The moving party bears the burden of demonstrating the lack of a genuine issue about any material facts. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Once this burden is met, the nonmoving party must then respond and introduce specific facts demonstrating a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2). When deciding a motion for summary judgment, the court may only consider admissible evidence and must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" Scott v.

Harris, 550 U.S. 372, 378 (2007) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995).

The Supreme Court noted that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court went on to explain that, in this situation, there could be no genuine issue of material fact because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

## DISCUSSION

### A. Exhaustion of Administrative Remedies[4]

Under both the ADA and Title VII, plaintiffs must first exhaust their administrative remedies before filing suit in federal court. See Andrews v. GEO Group, Inc., 288 F.App'x 514, 517 (10th Cir. 2008); Aramburu v. Boeing Co., 112 F.3d 1398, 1409 (10th Cir. 1997). Tenth Circuit precedent provides that, in determining whether plaintiffs have exhausted

---

[4] Plaintiff makes much of the fact that Defendant never raised the issue of exhaustion until its motion for summary judgment. However, it is well recognized that failure to exhaust administrative remedies in the context of Title VII and ADEA claims deprives a court of subject matter jurisdiction, an issue that may be raised at any time. Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005); Okla. City Assocs. v. Wal-Mart Stores, Inc., 923 F.2d 791 (10th Cir. 1991). Further, according to the Federal Rules of Civil Procedure, whenever a court finds that it lacks subject matter jurisdiction, it must dismiss the action. See Fed. R. Civ. P. 12(h)(3). Accordingly, it is proper for the Court to consider Defendant's arguments on exhaustion.

administrative remedies, courts should first consider the charge of discrimination filed with the EEOC and then determine the scope of the allegations raised by the charge. Andrews, 288 F.App'x. at 517. "'[B]ecause a plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC[,] . . . [t]he charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim[.]'" Id. (citations omitted).

Here, it is clear that Plaintiff's charge did not contain allegations regarding her termination. The date on the charge is November 20, 2007, more than a month after she was terminated. Plaintiff checked the boxes for discrimination based on retaliation, age, and sex. In the space provided, Plaintiff indicates that she was "disciplined and demoted because of [her] age." (Pl.'s Resp., Dkt. No. 33, Ex. 16.) She also states that she was "retaliated against by not being promoted within the company." (Id.) Nowhere in her charge of discrimination does she mention that she was wrongfully terminated because of age, sex, or retaliation. In her response, Plaintiff concedes that she never signed an additional charge formally raising her claims regarding her termination. Plaintiff asserts, however, that the issue was part of the EEOC's investigation of her charge. She attaches the position statement submitted by Defendant to the EEOC, wherein Defendant discusses Plaintiff's termination, stating that it was unrelated to her age, sex, or retaliation. (See Pl.'s Resp., Dkt. No. 33, Ex. 5.) Additionally, Plaintiff's attorney submitted an affidavit stating that the topic of the EEOC's

mediation between the parties was Plaintiff's termination on October 10, 2007. (See Pl.'s Resp. Dkt. No. 33, Ex. 17.)

Based on the evidence submitted, the Court finds that Plaintiff did not exhaust her administrative remedies regarding her termination.  The claims are clearly not raised in her charge, nor are they within the scope of a reasonable EEOC investigation of her charge.  Although Defendant discussed her termination in its position statement filed with the EEOC, neither party attached any documents from the EEOC indicating that such a claim was in fact part of its investigation.  Plaintiff bears the burden of demonstrating that she has exhausted her administrative remedies prior to filing suit, see Tucker v. Colorado Department of Public Health & Environment, 104 F.App'x 704, 708 (10th Cir. 2004), and the Court finds that she has not done so.  Accordingly, her claims for termination based on age, sex, and retaliation (Counts I, II, and III) fail as a matter of law.

**B. Failure to Promote**

Plaintiff argues that she requested a transfer to the position of machinist and that Defendant denied this request.  According to Plaintiff, such a transfer would constitute a promotion and she contends that the promotion was denied because of her age and gender.  Defendant argues, however, that such a transfer would not constitute a promotion because it would not have resulted in an increase in pay.  Further, even if it were considered a promotion, Defendant contends that Plaintiff has not demonstrated that the decision was made on the basis of her sex.

In order for Plaintiff to make out a prima facie case of failure to promote under Title VII, she must show "(1) there was a promotional opportunity available; (2) [she] was qualified and had established availability for the position; (3) despite [her] qualifications, she was not promoted to the position; and (4) the promotional opportunity was filled." Deflon v. Danka Corp. Inc., 1 F.App'x 807, 818 (10th Cir. 2001). If Plaintiff can make this showing, the burden then shifts to Defendant to articulate a legitimate, non-discriminatory reason for its action. Sprague v. Thorn Americas, Inc., 129 F.3d 1355, 1362 (10th Cir. 1997). If Defendant meets this burden, then Plaintiff must show that the proffered reason is merely pretextual. Id.

The Court finds that Plaintiff has not met her burden of demonstrating that the machinist position constituted a promotion. She believed that she would have received more pay as a machinist, and she bases this belief on a piece of paper that she found on a desk in the office that listed wage information for certain employees. (See Pl.'s Dep., 70:12-70:18.) When asked during her deposition, Plaintiff could not testify as to how much any male machinist was actually making. In addition, Plaintiff stated that she had no idea what they were making after they were transferred to the machinist position, and that perhaps they started out making more money than her. (See Pl.'s Dep., 71:21-73:5.) A reasonable jury would be unable to find, based on the evidence presented by Plaintiff, that transfer to the position of machinist constituted a promotion. Accordingly, Plaintiff's failure to promote claim (Count IV) fails as a matter of law.

**C. Unreasonable Discipline as Retaliation**

Finally, Plaintiff alleges that she suffered retaliation in the form of unreasonable discipline after making good faith complaints to her employer about what she perceived as sexual harassment and gender discrimination. According to Plaintiff, she first complained of or opposed discrimination on August 6, 2007. Therefore, the only retaliatory actions that the Court needs to consider are those occurring on or after that date.

In order for Plaintiff to demonstrate a prima facie case of Title VII retaliation, she must show "'(1) she engaged in protected opposition to Title VII discrimination; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action.'" Fye v. Okla. Corp. Comm'n, 516 F.3d 1217, 1227 (10th Cir. 2008) (quoting Meiners v. Univ. of Kan., 359 F.3d 1222, 1229 (10th Cir. 2004)). If Plaintiff succeeds in making this showing, then the burden shifts to Defendant to articulate a legitimate, nondiscriminatory reason for its actions. Id. Thereafter, Plaintiff bears the burden of demonstrating that the asserted reason is pretextual. Id.

As a prerequisite to establishing her claim, Plaintiff must demonstrate that she reasonably believed that the act of which she complained violated the provisions of Title VII. See Fischer v. Forestwood Co., Inc., 525 F.3d 972, 979 n.3 (10th Cir. 2008). Defendant argues that Plaintiff could not have reasonably believed that the decision not to transfer her to a machinist position was based on her sex. The Court disagrees, however. The fact that five different men were transferred to the machinist position while she was not could lead a reasonable employee to believe that the decision was made on the basis of sex.

With respect to the first prong of Plaintiff's prima facie case, it is undisputed that she first engaged in protected opposition to Title VII discrimination on August 6, 2007. In determining whether Plaintiff suffered an adverse employment action, the Supreme Court has held that the focus in a retaliation claim is on whether "a reasonable employee would have found the challenged action materially adverse." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). This means that the challenged action "well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Id. (quoting Rochon v. Gonzales, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). Defendant concedes, for purposes of summary judgment only, that the August 14, 2007, warning constitutes a materially adverse action sufficient to support the second prong of Plaintiff's prima facie case. Because this is the only allegedly retaliatory act occurring subsequent to Plaintiff's complaint, it is the only one that the Court need consider.[5]

Defendant contends, however, that Plaintiff failed to demonstrate that the warning resulted from her complaints on August 6, 2007. The Court disagrees, however. The very close temporal proximity, coupled with statements in the document that Plaintiff's allegation of discrimination hurt Ms. Downing's feelings and is unfair to the company, provide sufficient support for the Court to conclude that Plaintiff has met her burden of demonstrating her prima facie case.

---

[5] Any allegedly retaliatory acts relating to Plaintiff's termination do not need to be considered, since her termination claims are barred for failure to exhaust. Additionally, the statement made by Ms. Downing to the crew on August 23, 2007, that all personnel issues must be directed to her at the risk of termination is irrelevant to the present analysis. Such a statement would not dissuade a reasonable employee from making or supporting a charge of discrimination.

The burden then shifts to Defendant to demonstrate a legitimate, non-retaliatory reason for the challenged action. Defendant asserts that the true reason for the warning was Plaintiff's ongoing behavior problems. In support, Defendant attaches an affidavit from Ms. Downing indicating that Plaintiff was reprimanded numerous times for behavior issues. This assertion is further supported by Plaintiff herself. In her deposition, she states at least twice that she was called into the office several times to discuss issues arising between herself and Ms. Gilliam. (See Dep. 120:25-121:14; 121:23-122:5.)

Defendant has therefore demonstrated a legitimate, non-retaliatory reason for the warning, and the burden then shifts to Plaintiff to demonstrate that the proffered reason is pretextual. The Court finds that Plaintiff has not met her burden. According to her own testimony, there were ongoing behavioral issues addressed by Ms. Downing from at least April 2007 until the warning in August 2007. The close temporal proximity between Plaintiff's complaint and the warning does not support a reasonable inference that Defendant's reason is pretextual. Plaintiff's retaliation claim (Count VI) fails as a matter of law.

## CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 19) is GRANTED.  All other pending motions are moot. Judgment will enter accordingly.

IT IS SO ORDERED this 31st day of August, 2009.

ROBIN J. CAUTHRON
United States District Judge